**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TERESITA MAKANAS, INDIVIDUALLY & ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § | Case No. 4:18-cv-00659-ALM-KPJ |
| v. | § § | |
| THOMSON REUTERS (TAX & ACCOUNTING) INC., | § § § | |
| Defendant. | § § | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Thomson Reuters (Tax & Accounting) Inc. ("Defendant"), by and through its

attorneys, Seyfarth Shaw LLP, hereby submits its Answer to Plaintiff's Complaint as follows:

**I.   INTRODUCTION, JURISDICTION AND VENUE**

**COMPLAINT ¶1:**

Plaintiff and those similarly situated seek an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 215, 216(b) and 217.

**ANSWER:**

Defendant admits that Plaintiff purports to bring a cause of action under the Fair Labor

Standards Act ("FLSA"), but denies that there are any "similarly situated" employees and denies

that Plaintiff is entitled to any relief.

**COMPLAINT ¶2:**

Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Venue lies within the district, pursuant to 28 U.S.C. § 1391.

**ANSWER:**

Defendant admits the allegations in Paragraph 2.

**COMPLAINT ¶3:**

At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. (hereafter referred to as "FLSA").

**ANSWER:**

Defendant admits that Plaintiff purports to bring a cause of action under the FLSA, but

denies that there are any "similarly situated" employees and denies that Plaintiff is entitled to any

relief.

## II.   THE PARTIES

### A.   DEFENDANT

**COMPLAINT ¶4:**

Defendant Thomson Reuters (Tax & Accounting) Inc., is a domestic corporation and was the Plaintiff's employer for all relevant time periods. Thomson is registered to do business in Texas. For all of the similarly situated employee Plaintiffs, Thomson is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d). The registered agent for Thomson is The Corporation Service Company DBA CSC — Lawyers INCO whose address is 211 E. 7th Street Suite 620, Austin, Texas 78701.

**ANSWER:**

Defendant admits that it is a domestic corporation that is registered to do business in Texas.

Defendant also admits that it may be served through its registered agent, Corporate Service

Company d/b/a CSC at 211 E. 7th Street, Suite 620, Austin, Texas 78701. In addition, Defendant

admits that it was Plaintiff's employer, but denies that Plaintiff is entitled to any relief. Defendant

denies the remaining allegations in Paragraph 4.

### B.   PLAINTIFF

**COMPLAINT ¶5:**

Plaintiff was hired by Defendant in August of 2000.

**ANSWER:**

Defendant admits the allegations in Paragraph 5.

**COMPLAINT ¶6:**

Plaintiff is a resident and citizen of Carrollton, Texas.

**ANSWER:**

Defendant is without sufficient knowledge to either confirm or deny the allegations in

Paragraph 6.

**COMPLAINT ¶7:**

Beginning in May of 2016, Plaintiff was employed as an Executive Assistant, classified as an hourly employee, and was non-exempt from the requirements of the Fair Labor Standards Act.

**ANSWER:**

Defendant admits that beginning on or about April 25, 2016, Defendant employed Plaintiff

as an Executive Assistant, which Defendant classified as a non-exempt, hourly position per the

FLSA. Defendant denies the remaining allegations in Paragraph 7.

**COMPLAINT ¶8:**

Plaintiff brings this action on behalf of herself and on behalf of all other Thomson employees, whether past, present or future, who are or were 1) employed by Thomson as an Executive Assistant and/or in similar position; and 2) did not receive overtime for hours worked in excess of forty (40) hours per week.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action on behalf of herself and on

behalf of other similarly situated employees, but denies that there are any "similarly situated"

employees and denies that Plaintiff is entitled to any relief.

### III.  FACTUAL ALLEGATIONS

**COMPLAINT ¶9:**

Thomson Reuters provides legal research and other services.

**ANSWER:**

Defendant denies the allegations in Paragraph 9 on the basis that Defendant Thomson Reuters (Tax & Accounting) Inc. provides tax and accounting services.

**COMPLAINT ¶10:**

Plaintiff was employed by Thomson as an Executive Assistant during the times relevant to this Complaint.

**ANSWER:**

Defendant admits that it employed Plaintiff from April 25, 2016 - August 8, 2018 as an Executive Assistant. Defendant denies the remaining allegations in Paragraph 10.

**COMPLAINT ¶11:**

Plaintiff was employed by Defendant within a three (3) year period preceding filing of the Complaint.

**ANSWER:**

Defendant admits the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Plaintiff was made to work far in excess of forty (40) hours per week.

**ANSWER:**

Defendant admits that Plaintiff worked in excess of forty (40) hours per week at times as an Executive Assistant, but Defendant properly paid Plaintiff overtime every time it knew or should have known that Plaintiff worked in excess of forty (40) hours per week.

**COMPLAINT ¶13:**

Plaintiff was paid by the hour.

**ANSWER:**

Defendant admits the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Plaintiff was instructed not to report more than 40 hours per week on regular basis.

**ANSWER:**

Defendant denies the allegations in Paragraph 14.

**COMPLAINT ¶15:**

Plaintiff frequently worked in excess of 40 hours per week and was not allowed to report all hours worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Plaintiff was not paid overtime wages for hours over 40 worked per hour.

**ANSWER:**

Defendant denies the allegations in Paragraph 16.

**COMPLAINT ¶17:**

Plaintiff's immediate supervisor had knowledge that Plaintiff worked more than 40 hours per week and was not paid for the overtime hours worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 17.

**COMPLAINT ¶18:**

Plaintiff's immediate supervisor instructed her to work more than 40 hours per week and to not report the overtime hours.

**ANSWER:**

Defendant denies the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Other Executive Assistants who work for Defendant are paid by the hour, work more than 40 hours per week, and are instructed to not report hours over 40.

**ANSWER:**

Defendant denies the allegations in Paragraph 19 because Defendant is not aware of another Executive Assistant who Defendant classified as non-exempt and paid by the hour who works, or worked, more than 40 hours per week and whose supervisor instructs, or instructed, him or her to not report hours over 40, which such instruction would be contrary to the policies that Defendant maintains and enforces.

## COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶20:**

Plaintiff brings her Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as an Executive Assistant at any time within the applicable statue [sic] of limitations period, who have not been compensated for all hours worked in excess of forty (40) hours per work week.

**ANSWER:**

Defendant admits that Plaintiff purports to bring a cause of action under the FLSA, but denies that there are any "similarly situated" employees and denies that Plaintiff is entitled to any relief.

**COMPLAINT ¶21:**

Plaintiff brings her claim an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), as prospective members of the FLSA Collective Action are similarly situated to Plaintiff and have claims that are similar to Plaintiff's Claim for Relief.

**ANSWER:**

Defendant admits that Plaintiff purports to bring a cause of action under the FLSA, but denies that there are any "similarly situated" employees and denies that Plaintiff is entitled to any relief.

**COMPLAINT ¶22:**

Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

a.  Whether Thomson unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiff and prospective FLSA Collective Action Plaintiffs for all hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq*.;

b.  Whether Thomson unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*.;

c.  Whether Thomson's failure to pay overtime to the FLSA Collective Action Plaintiff was willful within the meaning of FLSA;

d.  Whether Thomson failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Action Plaintiffs;

e.  Whether Thomson failed and continues to fail to record or report all actual time worked by the FLSA Collective Action Plaintiffs; and

f.  Whether Thomson failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Action Plaintiffs.

**ANSWER:**

Defendant denies the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Plaintiff and the FLSA Collective Action Plaintiffs are similarly situated and are subject to Thomson's common practice, policy or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

**ANSWER:**

Defendant denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

The names and addresses of the FLSA Collective Action Plaintiffs are available from Defendant, and notice should be provided to the FLSA Collective Action Plaintiffs via first class mail to their last known address as soon as possible.

**ANSWER:**

Defendant admits that it possesses the names and last known addresses for certain of its

employees. Defendant denies the remaining allegations in Paragraph 24.

## IV.  PLAINTIFF'S CLAIM FOR RELIEF

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., Brought by Plaintiff on Behalf of Herself and all FLSA Collective Action Plaintiffs)**

### COMPLAINT ¶25:

Plaintiff, on behalf of herself and all FLSA Collective Action Plaintiffs, re-allege and incorporate by reference paragraphs stated above as if they were set forth again herein.

### ANSWER:

Defendant realleges and incorporates its foregoing responses as if they were set forth again herein.

### COMPLAINT ¶26:

At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

### ANSWER:

Defendant admits that it employed Plaintiff. Defendant also admits that it engaged in interstate commerce and had gross operating revenues in excess of $500,000 during the time it employed Plaintiff as an Executive Assistant. Defendant denies the remaining allegations in Paragraph 26.

### COMPLAINT ¶27:

Plaintiff and opt-in Plaintiffs in this action have signed and filed Consent to Sue forms pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.

### ANSWER:

Defendant admits that Plaintiff has consented to joining this lawsuit. Defendant denies the remaining allegations in Paragraph 27.

**COMPLAINT ¶28:**

The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

**ANSWER:**

Defendant admits that the FLSA contains provisions regarding the payment of overtime to employees. Defendant denies the remaining allegations in Paragraph 28.

**COMPLAINT ¶29:**

Plaintiff and all FLSA Collective Action Plaintiffs are entitled to compensation for all hours worked.

**ANSWER:**

Defendant admits that Plaintiff is entitled to compensation for all hours worked and maintains that Defendant has already compensated Plaintiff for all hours worked. Defendant denies the remaining allegations in Paragraph 29 because there is no "FLSA Collective Action" at this time.

**COMPLAINT ¶30:**

Plaintiff and all FLSA Collective Action Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

**ANSWER:**

Defendant admits that Plaintiff is entitled to compensation for all overtime hours worked and maintains that Defendant has already compensated Plaintiff for all overtime hours worked. Defendant denies the remaining allegations in Paragraph 30 because there is no "FLSA Collective Action" at this time.

**COMPLAINT ¶31:**

At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiff and the FLSA Collective Action Plaintiffs for work performed in excess of 40 hours per week.

**ANSWER:**

Defendant denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

At all relevant times Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the FLSA Collective Action Plaintiffs for their hours worked in excess of 40 hours per week.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

At all relevant times, the overtime work performed by Defendant's non-exempt employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, was and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly related to such employees' principal employment with Defendant, and is an integral and indispensable part of such employees' employment with Defendant.

**ANSWER:**

Defendant is without sufficient knowledge to either confirm or deny the allegations in

Paragraph 33 because it cannot respond about the necessity of overtime work for every single one

of its non-exempt employees and, on that basis, denies the allegations in Paragraph 33.

**COMPLAINT ¶34:**

Defendant violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a), by failing to pay FLSA Collective Action Plaintiffs for all hours actually worked and by failing to pay FLSA Collective Action Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq*.

**ANSWER:**

Defendant denies the allegations in Paragraph 34.

**COMPLAINT ¶35:**

The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the prospective FLSA Collective Action

Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a). These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

**ANSWER:**

Defendant admits that the FLSA imposes certain record-keeping requirements. Defendant

denies the remaining allegations in Paragraph 35.

**COMPLAINT ¶36:**

As a result of Defendant's violations of law, FLSA Collective Action Plaintiffs are entitled to recover from Defendant the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**ANSWER:**

Defendant denies the allegations in Paragraph 36.

## V.  SUMMARY

**COMPLAINT ¶37:**

Plaintiffs ask the Court to enter a declaratory judgment, declaring that the Defendant has willfully and wrongfully violated its statutory obligations, and deprived Plaintiffs and those similarly situated of their rights, protection and entitlements under law as alleged in Plaintiffs' complaint.

**ANSWER:**

Defendant admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff—or

any other employee Plaintiff purports to bring this action on behalf of—is entitled to any form of

relief, including a declaratory judgment.

**COMPLAINT ¶38:**

Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Defendant from withholding the compensation that is due each of the Plaintiffs and those similarly situated and from further violating their rights under the law.

**ANSWER:**

Defendant admits that Plaintiff seeks a permanent injunction, but denies that Plaintiff—or

any other employee Plaintiff purports to bring this action on behalf of—is entitled to any form of

relief, including a permanent injunction.

**COMPLAINT ¶39:**

Plaintiffs further request the Court to enter a permanent injunction, restraining and
preventing Defendant from engaging in retaliatory and discriminatory conduct towards Plaintiffs
and other similarly situated employees, that it be restrained from engaging in such conduct against
other employees who participate herein or are called to testify herein, and to restrain such conduct
of Defendant if other employees complain of wage and hour violations as such rights are protected
under the law.

**ANSWER:**

Defendant admits that Plaintiff is seeking a permanent injunction, but denies that

Plaintiff—or any other employee Plaintiff purports to bring this action on behalf of—is entitled to

any form of relief, including a permanent injunction.

**COMPLAINT ¶40:**

Plaintiffs further ask that the Court order a complete and accurate accounting of all the
compensation to which Plaintiff is entitled as well as provide a complete listing of the names and
addresses of all those employees who are similarly situated as described above.

**ANSWER:**

Defendant admits that Plaintiff seeks a "complete and accurate accounting" and a "listing

of the names and addresses of all those employees who are similarly situated" but denies that

Plaintiff—or any other employee Plaintiff purports to bring this action on behalf of—is entitled to

such relief.

**COMPLAINT ¶41:**

That Plaintiff will ask this Court to award her monetary damages in the form of back-pay
compensation, liquidated damages equal to their unpaid compensation, plus interest.  This will be
for the named Plaintiff and all Plaintiffs similarly situated.

**ANSWER:**

Defendant admits that Plaintiff seeks monetary damages, but denies that Plaintiff—or any other employee Plaintiff purports to bring this action on behalf of—is entitled to any form of relief, including monetary damages.

**COMPLAINT ¶42:**

Plaintiffs further ask the Court to award them their attorney fees, and their costs and expenses and disbursements in pursuing this cause of action for the named Plaintiffs and all those similarly situated.

**ANSWER:**

Defendant admits that Plaintiff seeks attorney fees, but denies that Plaintiff—or any other employee Plaintiff purports to bring this action on behalf of—is entitled to any form of relief, including attorney fees.

## VI.  DEMAND FOR JURY TRIAL

**COMPLAINT ¶43:**

Plaintiffs demand a trial by jury upon all issues herein.

**ANSWER:**

Defendant admits the allegations in Paragraph 43.

## DEFENSES

In asserting these defenses, Defendant does not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof. In addition, Defendant is continuing to investigate Plaintiff's allegations and, therefore, reserves the right to amend its Answer and Affirmative Defenses.

The term "Plaintiff," as used below, refers to any and all current and future Plaintiffs in this lawsuit.

1.      Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

2.      The two-year statute of limitations applies because Plaintiff cannot establish a willful violation of the FLSA. *See* 29 U.S.C. § 255.

3.      At all times relevant, Defendant complied with the applicable requirements of the FLSA. In the alternative, Defendant is not liable because its acts or omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Defendant belongs. *See* 29 U.S.C. §§ 258 and 259.

4.      At all times relevant, Defendant complied with the requirements of the FLSA. In the alternative, Defendant should not be required to pay liquidated damages because its acts or omissions were in good faith and Defendant had reasonable grounds for believing that its acts or omissions were not a violation of the FLSA. *See* 29 U.S.C. § 260. In the alternative, the claims for liquidated damages and pre-judgment interest are barred to the extent that these forms of relief are duplicative of each other.

5.      Plaintiff's claims may be barred, in whole or in part, by the doctrine of judicial estoppel. Specifically, if Plaintiff made or makes representations in a court of law that are inconsistent with her representations in this lawsuit, then her claims may be barred by the doctrine of judicial estoppel.

6.      Plaintiff's claims may be barred, in whole or part, by the doctrines of release, waiver, and accord and satisfaction. *See Martin v. Spring Break '83 Prods.*, LLC, 688 F.3d 247 (5th Cir. 2012).

7.      This case may not be maintained as a collective action because Plaintiff is not similarly situated to the persons she purports to represent. Thus, she cannot satisfy the requirements necessary to maintain a collective action under 29 U.S.C. § 216(b).

8.      Plaintiff cannot demonstrate that Defendant knew or should have known about the unpaid hours she claims she worked.

9.      If Plaintiff violated Defendant's timekeeping policies by under-reporting and/or failing to report her hours worked and/or failing to sue Defendant's complaint procedures to report any alleged underpayments, then Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

10.     Plaintiff's claims for overtime are based on noncompensable activities, including pre- and post-liminary activities and/or *de minimis* activities.

Defendant presently has insufficient knowledge and information upon which to form a belief about whether it has additional affirmative defenses and/or counterclaims against Plaintiff. Accordingly, Defendant expressly reserves the right to assert additional affirmative defenses and counterclaims against Plaintiff.

51911280v.3

DATED:  November 19, 2018                    Respectfully submitted,


                                              By: */s/ Brian A. Wadsworth*
                                              Diana Tabacopoulos (pro hac vice
                                              submitted)
                                              dtabacopoulos@seyfarth.com
                                              California State Bar No. 128238
                                              SEYFARTH SHAW LLP
                                              2029 Century Park East, Suite 3500
                                              Los Angeles, CA 90067-3021
                                              Telephone: (310) 277-7200
                                              Facsimile: (310) 201-5219
                                              *Lead Attorney*

                                              Brian A. Wadsworth
                                              State Bar No. 24075231
                                              Fed. Bar No. 2311180
                                              bawadsworth@seyfarth.com
                                              SEYFARTH SHAW LLP
                                              700 Milam Street, Suite 1400
                                              Houston, Texas  77002-2812
                                              Telephone:  (713) 225-2300
                                              Facsimile:  (713) 225-2340

                                              ATTORNEYS FOR DEFENDANT
                                              THOMSON    REUTERS   (TAX   &
                                              ACCOUNTING), INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, via the court's electronic filing system, on this the 19th day of November, 2018.

        Dorotha M. Ocker
        OCKER LAW FIRM, PLLC
        111 W. Spring Valley Road, Ste. 250
        Richardson, TX 75081
        Tel. (214) 390-5715
        Facsimile: (469) 277-3365
        dmo@ockerlawfirm.com

                                */s/ Brian A. Wadsworth*
                                  Brian A. Wadsworth